**Wayne DOLCEFINO, Relator,**

v.

**The Honorable Elizabeth RAY, Respondent.**

**No. 01–95–00453–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 15, 1995.

Rehearing Overruled Aug. 3, 1995.

---

Charles L. Babcock, Houston, for relator.

Ronald G. Franklin, Ralph S. Carrigan, Houston, for real party in interest—S. Turner.

Before COHEN, WILSON and ANDELL, JJ.

## OPINION

PER CURIAM.

Relator, a journalist, seeks a writ of mandamus relieving him from the trial court's order to answer questions about information given to him by Mr. Perry. The real party in interest, Sylvester Turner, has sued Dolcefino for slander. Although Mr. Perry gave the information in confidence, Mr. Turner discovered Mr. Perry's identity through his own investigation, without any disclosure by Dolcefino and without any compulsion by the respondent, Judge Ray. Mr. Perry has already been deposed and has testified about what he did and did not tell Mr. Dolcefino. Mr. Perry is not a journalist, and no one claims he has any privilege. Mr. Dolcefino claims, for himself, a journalist's privilege, based on the first amendment to the United States Constitution and article one, section eight, of the Texas Constitution, to refuse to answer the questions about his conversations with Mr. Perry. We find that Judge Ray did not abuse her discretion and therefore deny leave to file.

Neither the United States Supreme Court nor the Texas Supreme Court has explicitly recognized a journalist's privilege, but some intermediate federal and state appellate courts, including this one, have done so. For example, in Channel Two Television Compa-ny v. Dickerson, 725 S.W.2d 470, 471 (Tex. App.—Houston [1st Dist.] 1987, no writ), a panel of this Court wrote, "The United States Supreme Court has held that a qualified privilege protects information that the press obtains by its investigations. Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)." We find no such holding in Branzburg. The only citation in Channel Two to Branzburg is to the opening page of the opinion. The Fifth Circuit also recognized a first amendment privilege for journalists in In re Selcraig, 705 F.2d 789, 792 (5th Cir.1983), but candidly acknowledged the difficulty of finding support for that position in Branzburg, stating, "Our course was dictated by our careful reading of the plurality and concurring opinions in Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)." Again, no particular page of the 20–page Branzburg opinion is cited.

The existence of the privilege is apparently gleaned from the fact that the four dissenting justices in Branzburg would have granted a privilege even to a reporter called before a grand jury,[1] while the one concurring judge would not have done so, but suggested there could be such a privilege in some other circumstances.[2] Under this state of the law, we believe that the unqualified statement in Channel Two that the United States Supreme Court has created a qualified privilege for journalists is too broad.

Our law of privileges was codified by the Texas Supreme Court on September 1, 1983, in the Rules of Civil Evidence. Although Branzburg was decided nine years earlier, the court did not include any privilege for journalists. On the contrary, it declared that no person has a privilege except as provided by the Constitution, statute, or supreme court rules. Tex.R.Civ.Evid. 501. Now, more than seven years after Channel Two was decided, the rules still do not provide any privilege for journalists. We express no opinion, however, on the ultimate question of

---

1. *United States v. Caldwell,* 408 U.S. 665, 92 S.Ct. 2686, 33 L.Ed.2d 657 (1972) (dissenting opinion by Justice Douglas, in which he indicates his dissent in *Branzburg* ); *Branzburg,* 408 U.S. at 710, 92 S.Ct. at 2671 (Stewart, J., dissenting, joined by Justices Brennan and Marshall).

2. *Branzburg,* 408 U.S. at 710, 92 S.Ct. at 2671 (Powell, J., concurring).

whether such a privilege exists because, under the facts of this case, the trial judge did not abuse her discretion.

It is undisputed that Mr. Perry's identity was discovered by Mr. Turner's own means, without any judicial compulsion. Mr. Perry has no confidentiality left to protect, having already testified about what he did or did not tell Mr. Dolcefino. The reason for having a reporter's privilege is so informants will know that if they speak to the press, courts will not force the press to disclose their identity. Plainly, there is no danger of that here. Moreover, Judge Ray's order and her letter to the parties state that the contents of the meetings and documents produced between Dolcefino and Perry must be revealed "unless the revelation of that information will lead to another confidential source." Judge Ray has provided for that, too, by stating that "[p]rocedural safeguards can be placed to insure that this will not occur."

Considering these particular facts, the specific questions Dolcefino has been ordered to answer, and Judge Ray's stated determination to protect Dolcefino from revealing any sources that are still confidential, we conclude that relief is not justified.

Relator's motion for leave to file petition for writ of mandamus is DENIED.

It is so **ORDERED.**