**Gilbert DE LA PAZ, Plaintiff,**

v.

**HENRY'S DINER, INC.; Henry Hogeda, Individually and d/b/a Henry's Diner; Rosa Hogeda; and Henry Hogeda, Jr., Defendants.**

**Steve Ray and Harte–Hanks Communications, Inc., Movants.**

Civil Action No. 6:96–CV–065–C.

United States District Court, N.D. Texas, San Angelo Division.

Nov. 22, 1996.

Robert Junell, Small, Craig & Werkenthin, San Angelo, TX, for movants.

Timothy Brian Soefje, Priscilla Elaine Magouirk Atkins & O'Brien, San Antonio, TX, for plaintiff.

Melvin Norman Gray, Melvin Gray & Associates, San Angelo, TX, Dewey Forrest Poteet, Akin, Gump, Strauss, Hauer & Feld, Austin, TX, for defendants.

### *ORDER*

CUMMINGS, District Judge.

On this day the Court considered Steve Ray and Harte–Hanks Communications' Mo-

tion to Quash Deposition and Request for Protective Order filed October 11, 1996.

Plaintiff Gilbert De La Paz filed this lawsuit alleging negligence, defamation, invasion of privacy, intentional infliction of emotional distress, and violations of the Americans with Disabilities Act of 1990. Mr. Ray, the Austin bureau chief for Harte–Hanks Communications, wrote an article on this lawsuit for the San Angelo *Standard Times* newspaper. As part of his reporting activities, Mr. Ray tape-recorded his interviews with the Defendants regarding this lawsuit. Plaintiff now seeks to compel production of this evidence and depose Mr. Ray. Plaintiff's *subpoena duces tecum* does not require Mr. Ray to reveal any confidential sources. Mr. Ray and Harte–Hanks (Movants) argue that the First Amendment to the United States Constitution and Article One, Section Eight of the Texas Constitution protect the information obtained during a news-gathering investigation from compelled disclosure.

Despite Movants' arguments, the Fifth Circuit has never extended the qualified journalist privilege beyond compelled disclosure of the confidential informant's identity. *See In re Selcraig*, 705 F.2d 789, 792 (5th Cir.1983) ("[T]he first amendment shields a reporter from being required to disclose the identity of persons who have imparted information to him in confidence."). Furthermore, the Fifth Circuit indicated that had this issue been presented, they would decline to extend the privilege to protect a journalist's non-confidential source or material. *Pressey v. Patterson*, 898 F.2d 1018, 1022 n. 4 (5th Cir.1990) ("[W]e have strong doubts whether the trial judge was correct in enforcing this privilege insofar as these tapes were concerned. As far as we can discern from the record, Reiser was a divulged source, not a confidential source.").

Given that "[p]rivileges are strongly disfavored in federal practice" this Court is bound to interpret federal common law privileges narrowly. *American Civil Liberties Union of Mississippi v. Finch*, 638 F.2d 1336, 1344 (5th Cir. Unit A Mar. 1981). Consequently, the Court will not extend the journalist privilege beyond those established in *Selcraig*.

Likewise, the Court finds that Texas law does not protect the information sought in Plaintiff's Motion to Compel. A privilege protecting a journalist's non-confidential information is not found in the Constitution, statute, or supreme court rules and therefore does not exist. *Dolcefino v. Ray*, 902 S.W.2d 163, 164–65 (Tex.App.—Houston [1st Dist.] 1995, mand. overr.) (per curiam); Tex.R.Civ. Evid. 501.

For the reasons discussed above, the Court **DENIES** Movants' Motion to Quash Deposition and Request for Protective Order.

SO ORDERED.